The People of the State of New York, Plaintiff, *v.* Laura C. Kingsley, Also Known as Laura Roche, Defendant.

County Court, Monroe County, May 28, 1962.

*Cucci, Welch & Boehm (Chester W. Welch* of counsel), for defendant. *John J. Conway, Jr., District Attorney (Leon N. Armer* of counsel), for plaintiff.

George D. Ogden, J. Sometime before the events occurred which led to the indictment of defendant on a charge of bigamy on or about March 16, 1962, defendant and Gerald E. Kingsley were married and resided together as husband and wife. On or about August 4, 1961 — during a week end — defendant was granted a decree of divorce by a Mexican court, dissolving her marriage to Gerald E. Kingsley. It appears that no notice of the filing of a petition or complaint in such an action was served personally on Gerald E. Kingsley either in Mexico or in the State of New York; that a summons therein was not served upon him personally; that he did not appear in the action or in any other way submit to the jurisdiction of the Mexican court; and that he was given no notice of the pendency of any such action before the divorce, so-called, was granted. It appears that Gerald E. Kingsley was not advised in any way of the divorce obtained by his wife until about the time she remarried — or went through a marriage ceremony — in Irondequoit, Monroe County, New York; that thereafter proceedings against the defendant were taken which resulted in her indictment for the crime of bigamy, in violation of section 340 of the Penal Law of the State of New York. Defendant alleges that no judgment has been obtained declaring that her Mexican divorce is void.

It does not appear that subdivision 2 of section 341 of the Penal Law applies in this case; if it does, it is a matter of defense to be interposed by or on behalf of the defendant. It may be that in the Republic of Mexico, or the State thereof where the divorce was obtained, that divorce is valid. It seems, under the circumstances, that defendant was still legally married to Gerald E. Kingsley in New York State and that her subsequent marriage, or attempted marriage, to Garrett P. Roche was in violation of law and constituted the crime of bigamy. (See *Fleming* v. *People,* 27 N. Y. 329; *People* v. *Baker,* 76 N. Y. 78.) The motion of defendant, in all respects, is denied.